THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-0063-JCC |
| Plaintiff, | ORDER |
| v. | |
| BRANDAN L. WILKINS, | |
| Defendant. | |

Pursuant to the parties' stipulation for entry of a second discovery protective order (Dkt. No. 32), the Court hereby ENTERS the following protective order:

1. <u>Protected Material</u>

The following documents and materials are deemed "Protected Material." The Government will make available copies of the Protected Material, including those filed under seal, to defense counsel to comply with the Government's discovery obligations. Possession of copies of the Protected Material is limited to the attorneys of record and investigators, paralegals, law clerks, experts, and assistants for the attorneys of record (collectively, "members of the defense team"). This category of Protected Material will be marked and labeled as "Protected Material":

   a. Forensic interview of minor victim (MV2).

//

2. <u>Scope of Review of Protected Material</u>

Defense attorneys of record and members of the defense team may display and review the Protected Material with Defendant. The attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to Defendant and other persons is prohibited and agree to not duplicate or provide copies of Protected Material to Defendant and other persons.

3. <u>Consent to Terms of Protective Order</u>

Members of the defense team shall provide written consent and acknowledgment that they will each be bound by the terms and conditions of this order. The written consent need not be disclosed or produced to the Government unless requested by the Assistant United States Attorney and ordered by the Court.

4. <u>Parties' Reciprocal Discovery Obligations</u>

Nothing in this order should be construed as imposing any discovery obligations on the Government or Defendant that are different than those imposed by case law, Federal Rule of Criminal Procedure 16, and the Western District of Washington Local Criminal Rules.

5. <u>Filing of Protected Material</u>

Any Protected Material that is filed with the Court in connection with pretrial motions, trial, sentencing, or other matters before the Court shall be filed under seal and shall remain sealed until otherwise ordered by the Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant Local and Federal Rules of Criminal Procedure pertaining to the sealing of court documents.

6. <u>Non-Termination</u>

The provisions of this order shall not terminate at the conclusion of this prosecution.

7. <u>Violation of Protective Order</u>

Any violation of any term or condition of this order by Defendant, his attorney(s) of record, any member of the defense team, or any attorney for the United States Attorney's Office

for the Western District of Washington result in that person being held in contempt of court and/or being subjected to monetary or other sanctions as deemed appropriate by the Court.

If Defendant violates any term or condition of this order, the Government reserves its right to seek a sentencing enhancement for obstruction of justice or to file any criminal charges relating to Defendant's violation.

DATED this 12th day of May 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE